IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VICTORIA L. SMITH                                                                    PLAINTIFF

v.                              No. 4:15–CV–573-DPM–BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                        DEFENDANT

### Recommended Disposition

### Instructions

The following recommended disposition was prepared for Judge D.P. Marshall Jr. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Marshall may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

## Reasoning for Recommended Disposition

Victoria L. Smith seeks judicial review of the denial of her application for disability insurance benefits.[3] Ms. Smith last worked as a WalMart cashier. She worked for WalMart until July 2012,[4] but she claims she has been disabled since January 1, 2012. She based disability on decreased vision and right-leg pain.[5]

**The Commissioner's decision**. The Commissioner's ALJ identified bilateral Coloboma Syndrome as a severe impairment.[6] The ALJ determined that the impairment prevented Ms. Smith from work requiring excellent vision and work involving print smaller than the print used in children's books.[7] The ALJ obtained vocational evidence, determined that jobs existed that Ms. Smith could do,[8] and denied the application. After the Commissioner's Appeals Council denied a request for

---

[3]SSA record at p. 158 (applying on June 26, 2012 and alleging disability beginning Jan. 1, 2012).

[4]*Id*. at pp. 166, 193 & 207.

[5]*Id*. at p. 201.

[6]*Id*. at p. 34.

[7]*Id*. at p. 35.

[8]*Id*. at p. 39 (identifying conveyor feeder/off loader as available medium work, and cafeteria attendant and maid/housekeeper as available light work).

review,[9] the decision became a final decision for judicial review.[10] Ms. Smith filed this case to challenge the decision.[11]

**Ms. Smith's allegations**. Ms. Smith claims that the ALJ failed to fairly and fully develop the record. This error, she says, prevented the ALJ from properly considering whether she met a listing for vision loss. She challenges the evaluation of the credibility of her testimony. She contends that her vision prevents all work. For these reasons, she argues, substantial evidence does not support the decision.[12]

**Applicable legal principles**. On judicial review, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[13] Substantial evidence exists if a reasonable mind might accept the evidence as

---

[9]*Id*. at p. 1.

[10]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating, "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[11]Docket entry # 1.

[12]Docket entry # 10.

[13]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial evidence … to support the conclusion that the claimant was not disabled.").

adequate to show Ms. Smith could work within the limits found by the ALJ and whether work existed that Ms. Smith could do.[14] The ALJ determined that Ms. Smith could work at all exertional levels, but excluded work requiring excellent vision and work involving print smaller than the print used in children's books. A reasonable mind would accept the evidence as adequate for the following reasons:

> **1. The ALJ developed an adequate record**. An ALJ has a duty to fairly and fully develop the record as to the matters at issue.[15] Ms. Smith's reasons for disability placed vision and right-leg pain at issue. Because Ms. Smith had no medical evidence, the ALJ ordered an agency physical exam and an agency vision exam.
>
> The agency physical examiner reported one physical limitation: decreased vision.[16] The physical examiner observed that, despite decreased vision, Ms. Smith "does well[,] picks up small objects[,] doesn't run into things."[17]
>
> The agency vision examiner attributed decreased vision to colobomas.[18] A coloboma is a congenital defect in which eye structure fails to develop. Ms. Smith had colobomas in the retina and optic nerve of both eyes. These types of colobomas can cause vision loss that cannot be completely corrected with corrective lens.

---

[14]*See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[15]*Landess v. Weinberger*, 490 F.2d 1187, 1189 (8th Cir. 1974).

[16]SSA record at p. 280.

[17]*Id*. at p. 281.

[18]*Id*. at p. 287.

Ms. Smith's uncorrected vision was 20/200 in the right eye and 20/100 in the left eye,[19] but corrective lens improved vision to 20/100 + 1 in the right eye and 20/70 in the left eye.[20] According to the vision examiner, Ms. Smith "sees quite well for the extent of Retina and Optic Nerve involved due to the Coloboma."[21] The vision examiner reported that Ms. Smith moved easily throughout the office and accessed the examination chair without assistance.[22]

Despite these efforts to develop the record, Ms. Smith contends that the record was not fairly and fully developed, because she claims the vision exam was inadequate. A claimant complaining about record development bears a heavy burden; she "must show both a failure to develop necessary evidence and unfairness or prejudice from that failure."[23] Ms. Smith cannot make this showing because a later vision exam showed she did not meet a listing. The later exam showed uncorrected distance vision of 20/100 in right eye and 20/100 in left eye, and uncorrected near vision of 20/70 in right eye and 20/100 in left eye.[24] These findings did not support a listing for vision impairment.[25]

---

[19]*Id.* at p. 277.

[20]*Id.* at p. 286.

[21]*Id.* at p. 287.

[22]*Id.* at p. 286.

[23]*Combs v. Astrue*, 243 Fed. App'x 200, 205 (8th Cir. 2007).

[24]SSA record at p. 405.

[25]The requirements for meeting a listing for vision loss are shown below:

    **2.02 Loss of Central Visual Acuity**. Remaining vision in the better eye after best correction is 20/200 or less.
    **2.03 Contraction of the visual field in the better eye, with**:
    A. The widest diameter subtending an angle around the point of fixation no greater than 20 degrees; OR
    B. An MD of 22 decibels or greater, determined by automated static threshold

**2. The ALJ credited testimony about vision loss**.  An ALJ must evaluate the claimant's credibility before determining her ability to work because subjective complaints play a role in making the determination.[26] Ms. Smith testified that she quit working at WalMart because her vision decreased so she could no longer read UPC codes.  She testified that she could read large print and do household chores, but she could not see oven temperature settings.  This testimony supports the ALJ's exclusion of work requiring excellent vision and work involving print smaller than the print used in children's books.

The ALJ properly discredited claims of right-leg pain.  A claimant must prove her claim with medical evidence; allegations are not enough to establish an impairment.[27]  Medical evidence provides no support for claims of disabling right-leg pain.

**3.  The ALJ accounted for nonexertional limitations.**  In determining a claimant's ability to work, the ALJ must consider exertional and nonexertional limitations.[28]  Medical evidence established no exertional

---

perimetry that measures the central 30 degrees of the visual field …. OR
    C. A visual field efficiency of 20 [%] or less, determined by kinetic perimetry ….
    **2.04  Loss of visual efficiency, or visual impairment, in the better eye**:
    A. A visual efficiency percentage of 20 or less after best correction …. OR
    B. A visual impairment value of 1.00 or greater after best correction ….

[26]*Ellis v. Barnhart*, 392 F.3d 988, 995-96 (8th Cir. 2005).

[27]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment… ."); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about … symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) ….").

[28]20 C.F.R. § 404.1569a.

6

limitation, but Ms. Smith claimed that migraine headaches and eye strain prevented her from performing any work. A reasonable mind would accept the evidence as adequate to support the decision because the ALJ excluded the activity that, according to Ms. Smith, caused headaches and eye strain.[29]

**4. Vocational evidence supports the decision**. After determining vision loss prevented past work as a cashier, the ALJ asked a vocational expert about the availability of other work for a person with Ms. Smith's nonexertional limitations. The vocational expert identified conveyor feeder/operator as available medium work, and cafeteria attendant and maid/housekeeping cleaner as available light work.[30] The availability of this work shows work existed that Ms. Smith could do, regardless of whether such work exists where she lives, whether a job vacancy exists, or whether she would be hired if she applied for work.[31]

## Conclusion and Recommended Disposition

A reasonable mind will accept the evidence as adequate to support the determination that work exists that Ms. Smith could do. The ALJ made no legal error. For these reasons, the undersigned magistrate judge recommends DENYING Ms. Smith's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

Dated this 15th day of June, 2016.

UNITED STATES MAGISTRATE JUDGE

---

[29]SSA record at pp. 58, 61 & 69-70.

[30]*Id*. at p. 74.

[31]42 U.S.C. § 1382c(a)(3)(B).